UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

TURNINGPOINT HEALTHCARE SOLUTIONS, LLC,

    Plaintiff,

v.                                                                                      Case No.:

DAVID DEANE,

    Defendant.
_____/

## COMPLAINT

Plaintiff TurningPoint Healthcare Solutions, LLC ("Plaintiff"), complaining of Defendant David Deane ("Deane"), alleges:

1. Plaintiff is a Limited Liability Corporation organized under the laws of Delaware with its principal place of business located at 1000 Primera Blvd., Suite 3160, Lake Mary, Florida 32746.

2. Defendant is an individual and a citizen of North Carolina.

3. While employed by Plaintiff, Defendant worked both out of an office at Plaintiff's corporate headquarters and out of his home.

4. Defendant's job description described the location of his position as being "Florida/Remote." Defendant signed the job description.

5. This declaratory judgment action is brought pursuant to 28 U.S.C.A. § 2201 for the purpose of determining questions of actual controversy between the parties, as more fully appears below.

6. This action is of a civil nature involving, exclusive of interests and costs, a sum in excess of $75,000. The value of the Restricted Shares in Plaintiff sought by Defendant is in

excess of $75,000, and Defendant intends to seek an excess of $75,000 in alleged unpaid commission payments. Every issue of law and fact in this action is wholly between citizens of different states.

7. For the reasons discussed in the prior Paragraph, this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

8. On October 24, 2016, Plaintiff offered Defendant a position as its Chief Growth Officer effective January 3, 2017. A copy of the offer made by Plaintiff is attached as Exhibit A.

9. On October 24, 2016, Defendant signed the offer attached as Exhibit A.

10. The offer provided that Defendant would be "eligible to receive a grant of restricted units in TurningPoint Healthcare Solutions, LLC, of up to 3.0% of the company's shares, in accordance with the terms established in the Restricted Unit Award Agreement."

11. The offer also provided that, in addition to his salary, Defendant was eligible for sales commissions for particular sales "sourced and led by" Defendant.

12. On April 9, 2018, Plaintiff provided the Restricted Unit Award Agreement to Defendant. The Restricted Unit Award Agreement is attached as Exhibit B.

13. Under the terms of the Restricted Unit Award Agreement, Defendant was required to sign (1) the Investment Representation Statement; (2) the Joinder to the Limited Liability Company Operating Agreement of TurningPoint Healthcare Solutions, LLC; (3) the Non-Compete Agreement; and (4) the Restricted Unit Plan Summary to be eligible for restricted shares in Plaintiff. Defendant was also required to return these signed agreements to Plaintiff.

14. Defendant did not sign any of (1) the Investment Representation Statement; (2) the Joinder to the Limited Liability Company Operating Agreement of TurningPoint

Healthcare Solutions, LLC; (3) the Non-Compete Agreement; or (4) the Restricted Unit Plan Summary.

15. Defendant did not return to Plaintiff signed versions of any of (1) the Investment Representation Statement; (2) the Joinder to the Limited Liability Company Operating Agreement of TurningPoint Healthcare Solutions, LLC; (3) the Non-Compete Agreement; or (4) the Restricted Unit Plan Summary.

16. The offer provided that Defendant could receive 50,000 Restricted Units "[f]or each $5,000,000 of Annual Recurring Non-Risk Revenue generated from sales sourced by [Defendant]" and 50,000 Restricted Units "[f]or each $10,000,000 of Annual Recurring Risk Revenue generated from sales source by [Defendant]."

17. The Restricted Unit Award Agreement provided that the Restricted Units would vest at the time "$5,000,000 of Annual Recurring Non-Risk Revenue generated from sales sourced by [Defendant]" and/or " $10,000,000 of Annual Recurring Risk Revenue generated from sales source by [Defendant]."

18. The Restricted United Award Agreement provided that interest in all unvested Restricted Units would be forfeited by Defendant upon termination of Defendant's employment.

19. Plaintiff terminated Defendant's employment on April 19, 2019.

20. Defendant never generated $5,000,000 of Annual Recurring Non-Risk Revenue from sales sourced by Defendant.

21. Defendant never generated $10,000,000 of Annual Recurring Risk Revenue from sales sourced by Defendant.

22. On May 6, 2019, Defendant's attorney sent a letter to Plaintiff asserting that Defendant was entitled to an unknown number of Restricted Units of Plaintiff and was entitled to

additional commissions.

23. On June 6, 2019 Plaintiff's attorney sent a letter to Defendant's attorney stating that Defendant was not entitled to any shares because he did not sign the relevant agreements and did not meet the required sales quotas.

24. In the June 6, 2019 letter, Plaintiff's attorney stated that Plaintiff would provide Defendant with additional commissions owed, if any, and stated that Defendant was only entitled to commissions on sales "sourced and led by" Defendant.

25. On July 30, 2021, Defendant's attorney sent a letter to Plaintiff's attorney stating that Defendant was entitled to the value of an unknown number of Restricted Units of Plaintiff and was entitled to additional commissions. Plaintiff's attorney received no communications from Defendant's attorney between June 6, 2019, and July 30, 2021.

26. In the July 30, 2021, letter, Defendant's attorney stated that Defendant intended to file suit against Plaintiff if he was not provided with, among other things, the value of Restricted Units of Plaintiff and additional commission payments.

27. On information and belief, Defendant will assert in such suit that he signed and returned (1) the Investment Representation Statement; (2) the Joinder to the Limited Liability Company Operating Agreement of TurningPoint Healthcare Solutions, LLC; (3) the Non-Compete Agreement; and (4) the Restricted Unit Plan Summary.

28. On information and belief, Defendant will assert in such suit that he is owed additional commissions.

29. The Restricted Unit Plan Summary provides that it is governed by the laws of Florida and applicable provisions of federal law.

30. The Non-Compete Agreement provides that Defendant agrees to the jurisdiction of courts

in Florida.

31. The Non-Compete Agreement provides that "any dispute arising herein will be heard in the appropriate state or federal court, as applicable, within the county of Broward in the State of Florida."

32. For the reasons discussed in Paragraphs 1, 3-4, and 28-31, this Court has personal jurisdiction over Defendant.

33. For the reasons discussed in Paragraph 31, venue is proper in this Court.

**COUNT I – DECLARATORY JUDGMENT – EXISTENCE OF CONTRACT**

34. Plaintiff incorporates Paragraphs 1-33 as if fully set forth herein.

35. A dispute has arisen between Plaintiff and Defendant with respect to the rights and duties of Plaintiff and Defendant.

36. Defendant claims that he entered into a contract with Plaintiff that would obligate Defendant to provide him with Restricted Units of Plaintiff if certain conditions were met.

37. Plaintiff claims that it never entered into a contract with Plaintiff that would obligate Defendant to provide him with Restricted Units of Plaintiff if certain conditions were met. In particular, Plaintiff claims that it never entered into the agreement(s) in Exhibit B with Defendant, and that Defendant is not entitled to Restricted Units of Plaintiff because he did not sign or return the proposed agreement(s) in Exhibit B.

38. Defendant claims that, as a result of contract(s) that Plaintiff denies exist, Defendant owes him the value of certain Restricted Units of Plaintiff.

39. By this action, Plaintiff seeks a declaration that it never entered into the agreement(s) in Exhibit B with Defendant, and that Defendant is not entitled to Restricted Units of

Plaintiff because he did not enter into the proposed agreement(s) in Exhibit B.

### COUNT II – DECLARATORY JUDGMENT – FAILURE TO MEET NECESSARY CONDITION

40. Plaintiff incorporates Paragraphs 1-33 as if fully set forth herein.

41. A dispute has arisen between Plaintiff and Defendant with respect to the rights and duties of Plaintiff and Defendant.

42. On information and belief, Defendant will assert in a planned lawsuit that he generated $5,000,000 of Annual Recurring Non-Risk Revenue from sales sourced by Defendant and/or generated $10,000,000 of Annual Recurring Risk Revenue from sales sourced by Defendant.

43. Plaintiff denies that Defendant generated $5,000,000 of Annual Recurring Non-Risk Revenue from sales sourced by Defendant or generated $10,000,000 of Annual Recurring Risk Revenue from sales sourced by Defendant.

44. Defendant claims that he is owed the value of certain Restricted Units of Plaintiff because he purportedly generated $5,000,000 of Annual Recurring Non-Risk Revenue from sales sourced by Defendant and/or generated $10,000,000 of Annual Recurring Risk Revenue from sales sourced by Defendant.

45. In the alternative to the relief sought in Count I, Plaintiff seeks a declaration that it does not owe Defendant the value of certain Restricted Units of Plaintiff because Defendant did not meet the contractual conditions necessary to receive such amounts.

### COUNT III – DECLARATORY JUDGMENT – ALL COMMISSIONS HAVE BEEN PAID

46. Plaintiff incorporates Paragraphs 1-33 as if fully set forth herein.

47. A dispute has arisen between Plaintiff and Defendant with respect to the rights and duties of Plaintiff and Defendant.

48. On information and belief, Defendant will assert in a planned lawsuit that he is owed additional commissions.

49. Plaintiff has paid Defendant all owed commissions.

50. Plaintiff seeks a declaration that Defendant is not owed any additional commissions.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. The Court declare the rights and other legal relations of Plaintiff and Defendant in Restricted Units of Plaintiff by reason of the written instruments attached as Exhibits A and B to this Complaint;

2. The Court declare that Plaintiff never entered into the agreement(s) in Exhibit B with Defendant, and that Defendant is not entitled to Restricted Units of Plaintiff because he did not enter into the proposed agreement(s) in Exhibit B;

3. In the alternative, the Court declare that Defendant did not meet the contractual conditions necessary to receive Restricted Units of Plaintiff;

4. The Court declare that Defendant paid Plaintiff all commissions owed;

5. The costs and disbursements of this action;

6. Plaintiff's attorneys' fees; and

7. Such other and further relief as this court deems just and proper.

Jury Demand: Plaintiff requests trial by jury on all issues so triable.

Dated this 8th day of September, 2021.

        Respectfully submitted,

        */s/ Christopher M. Cascino*
        Christopher M. Cascino
        Florida Bar Number: 1022861
        OGLETREE, DEAKINS, NASH, SMOAK &
          STEWART, P.C.
        100 North Tampa Street
        Suite 3600
        Tampa, FL 33602
        Telephone:  813.289.1247
        Facsimile:  813.289.6530
        chris.cascino@ogletreedeakins.com

48466540.1